FILED'11 APR 11 11:33USDC·ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NOHEMI ESTRADA-SURO,                                              09-6331-TC

                        Plaintiff,

          v.                                              OPINION AND ORDER

LINCOLN COUNTY SCHOOL DISTRICT,

                        Defendant.
_____

COFFIN, Magistrate Judge:

        Plaintiff Nohemi Estrada-Suro alleges a Title VII retaliation claim in her amended complaint

(dkt. #11) filed on May 6, 2010.  Specifically, she claims that defendant Lincoln County School

District's administration retaliated against her after she complained that students were making

derogatory remarks based on her race and national origin.

        Estrada immigrated to the United States from Mexico over thirty years ago.  She believes that

her accent identifies her as "foreign born."  She earned her Oregon teacher's license in 1992, and

in 2007, Lincoln County hired her as a probationary teacher for the 2007-2008 school year.  The

district assigned her to teach several Spanish and a freshman focus class at Toledo High School.

Page 1 - OPINION AND ORDER

Like all first-year teachers, Estrada had a three year probation period before she could obtain full contract status.

From the start of the school year, students made offensive remarks based on race and national origin to Estrada during her classes. The record includes 38 Major Discipline Referral Forms–called "referrals" by the parties, that Estrada filled out regarding the students' behavior. The referrals are forms used by staff to report discipline issues to the administration. The administration review notes the administrative decision and returns a copy of the referral to the staff member who submitted it. Several of Estrada's referrals related to racist remarks by students, but the majority concerned run of the mill disruptive behavior–profanity, throwing things, leaving the classroom without permission.

According to Estrada, instead of disciplining the students who made racist remarks, the administration responded to her referrals by singling her out for daily observation. She states that the administration encouraged students to complain about her, which resulted in her having an above average number of complaints. On March 3, 2008, Estrada drafted her resignation letter for a resignation effective on June 11, 2008. A few days later, on March 12, 2008, Estrada received her evaluation and observations in the presence of her union representative. The representative felt that the evaluations and observations were fair. The district allowed Estrada to take administrative leave effective March 8, 2008 for the remainder of the school year with no reduction in pay or benefits. According to Estrada, she was force out so the administration did not have to deal with her referrals of students making racist remarks.

I heard oral argument on the district's motion for summary judgment on March 11, 2011. The parties have consented to allow a Magistrate Judge to decide this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons discussed below, I grant the district's motion.

Page 2 - OPINION AND ORDER

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case.    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Discussion

Estrada's only claim for relief in her amended complaint is her Title VII retaliation claim.

Page 3 - OPINION AND ORDER

(dkt. #11).  To establish a prima facie case of retaliation, Estrada must show that: (1) she engaged in protected activity; (2) the district subjected her to an adverse employment action; and (3) there is a casual link between the protected activity and the adverse action.  Thomas v. City of Beaverton, 379 F.3d 802, 811 (9th Cir. 2004).  If Estrada can establish a prima facie case, then the burden shifts to the district to produce a legitimate non-discriminatory reason for its decision.  Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).  If the district does so, then the burden shifts back to Estrada to show that the proffered reason was a mere pretext for a discriminatory motive.  Id.

Estrada claims that she has established she engaged in protected activity because she opposed race discrimination by referring student who made racist remarks for discipline.  The district argues that making referrals about student's racist remarks is not a protected activity under Title VII.  In support, the district relies in part on a District of Delaware case,  Mongelli v. Red Clay Consolidate School Dist. Bd. of Educ., 491 F.Supp.2d 467 (D. Del. 2007).  In Mongelli, the district court considered whether the plaintiff's complaints about sexual harassment by a student constituted protected activity and held that:

> ...the act of submitting SBRs, which plaintiff was supposed to do as a matter of course when students misbehaved, was insufficient to constitute protected activity under Title VII.  Likewise, the content of the SBRs and plaintiff's verbal complaints about JW, as reflected in the record, do not persuade the court that plaintiff was engaged in active "opposition" to an unlawful employment practice for purposes of a Title VII retaliation claim.

Id. at 483.

I find the holding in Mongelli persuasive.  Moreover, I observe that this Circuit has held that an employee's statement does not amount to protected activity "unless it refers to some practice by the employer that is allegedly unlawful."  EEOC v. Crown Zellerbach Corp., 720 F.2d 1008, 1013

(9th Cir. 1993). Here, Estrada did not refer to any practice by the district that was allegedly unlawful. Instead, she gave referrals based on racist remarks by students, who are clearly not employees of the district. Finally, I note that neither Estrada's counsel's assertions at oral argument that the district decided it was easier to terminate Estrada than to deal with the disciplinary problems nor her assertion in her briefing that the district was required to take reasonable and appropriate steps to protect employees from harassment are relevant in establishing her retaliation claim. In short, the record is devoid of evidence that Estrada engaged in protected activity. Consequently, I find that Estrada has failed to establish a prima facie case of retaliation.

### Order

I grant the district's motion for summary judgment. (dkt. #21).

IT IS SO ORDERED

DATED this ___11th___ day of April 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge